## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JEANNE BATES,**

        **Plaintiff,**

**v.**                                                    **CASE NO.:**

**DISCOVERY AVIATION, INC.**
**a Foreign for Profit Corporation,**
**and**
**MAGOMED MAGOMEDOV,**
**Individually,**

        **Defendants.**
_____/

## <u>COMPLAINT</u>

Plaintiff, Jeanne Bates, by and through undersigned counsel, sues

Defendants, DISCOVERY AVIATION, INC., and MAGOMED MAGOMEDOV,

and alleges as follows:

### <u>Jurisdiction and Venue</u>

1.      This is an action for damages by Plaintiff against her former

employer for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et,

seq. (FLSA); violation of the Florida Minimum Wage Act, Fla. Stat. §448.1110

(FMWA) and the Florida Constitution, Fla. Const. Art. X §24(c); a breach of

contract claim and an unjust enrichment claim.

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. 1331 and 29 U.S.C. § 216, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. C. §1367.

3.     Venue is proper in the Middle District of Florida because the events giving rise to the instant action occurred in Brevard County, Florida. At all times material to the instant action, Defendants conducted substantial, continuous, and systematic commercial activities in Brevard County, Florida.

## PARTIES

4.     Plaintiff, Jeanne Bates is an individual who resides in Brevard County, Florida, and at all times material herein has resided in Brevard County, Florida.

5.     Defendant, Discovery Aviation, Inc. is a foreign for profit corporation, and at all times material herein was registered and authorized to do business in the State of Florida.

6.     Defendant, Magomed Magomedov is a foreign person transacting business in Brevard County, Florida, at all times material herein.

7.     At all times relevant to the allegations contained herein, Plaintiff was employed by Defendants as a Senior Mechanical Designer, in Brevard County, Florida.

8.     Plaintiff was an employee of the Defendants as defined by 29 U.S.C. 203(e), which is incorporated in the FMWA and the Fla. Const. Art. X §24.

2

**STATEMENT OF CLAIM**

9.     Plaintiff, Jeanne Bates, worked as a Senior Mechanic Designer for Defendants from approximately August 2018, until February 21, 2020, in Melbourne, Florida.

10.     At all times during her employment with Defendants, Plaintiff performed all duties assigned in a professionally competent manner, faithfully followed all instructions given by supervisors, and abided by all the rules and regulations of Defendants.

11.     Plaintiff has suffered damage to her financial welfare by reason of Defendants' unlawful and willful

actions against Plaintiff.

12.     All conditions precedent have been met prior to filing this action.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT**
**MINIMUM WAGE PROVISION**

13.     Plaintiff alleges a claim for unpaid minimum wages against Defendants, Discovery Aviation, Inc., and Magomed Magomedov for damages.

14.     Plaintiff realleges and incorporates paragraphs 2 through 12 of this Complaint as if set forth in full herein.

15.     This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et. seq.), hereinafter "FLSA", to recover unpaid minimum wages, and an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

16.    At all times material herein, Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S. C. §207(a).

17.    At all times material herein, Defendant, Discovery Aviation, Inc. was engaged in interstate commerce per 29 U.S.C. §203(s) because it had employees who engaged in the manufacturing, production and sales of aircrafts, which travelled in interstate commerce and sold aircrafts to customers in other states.

18.    At all times material herein, Defendant, Discovery Aviation, Inc. had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars per 29 U.S.C. §203(s).

19.    Defendant, Magomed Magomedov, at all times material, was an owner/manager/operator of Defendant, Discovery Aviation, Inc. and Defendant, Magomed Magomedov, at all times material, was acting directly or indirectly in the interest of Defendant, Discovery Aviation, Inc. in relating to Plaintiffs' employment and was substantially in control of the terms and conditions of the employees' work, and is therefore considered a statutory employer under 29 U.S.C. §203(d).

20.    During the period from approximately August 2018, until February 21, 2020, Defendants willfully employed Plaintiff, Jeanne Bates, in the aforesaid enterprise and at times failed to compensate her the federal minimum wage for each hour of work contrary to the requirements of Section 6 of the FLSA (29 USC § 206).

4

21.     The Defendants were aware of the amount of time Plaintiff worked and Defendants willfully refused to properly compensate Plaintiff for all of the hours that Plaintiff worked for Defendants at the required federal minimum wage.

22.     Defendants are liable to Plaintiffs for liquidated damages in an amount equal to Plaintiff's unpaid minimum wages, for a willful violation of the FLSA.

23.     Plaintiff has retained the undersigned attorney and is obligated to pay her attorney a reasonable fee for services.

24.     This is an action for unpaid wages and Plaintiff is entitled to her attorney's fees pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands Judgment against Defendants as follows:

A.     Compensation for lost wages, benefits, and other remuneration and an additional equal amount as liquidated damages.

B     Prejudgment interest in the event liquidated damages are not awarded.

C.     An award of reasonable attorney's fees and all costs incurred herein.

D.     Such other and further relief as the Court deems proper.

## COUNT II
## VIOLATION OF FLORIDA CONSTITUTION
## MINIMUM WAGE PROVISION

25.     Plaintiff alleges a claim for unpaid minimum wages against

Defendants, Discovery Aviation, Inc. and Magomed Magomedov, for damages.

26.     Plaintiff realleges and incorporates herein the allegations contained

in paragraphs 2 through 12.

27.     Defendant, Magomed Magomedov, at all times material, was an

owner/manager/operator of Defendant, Discovery Aviation, Inc. and Defendant,

Magomed Magomedov, at all times material, was acting directly or indirectly in

the interest of Defendant, Discovery Aviation, Inc. in relating to Plaintiff's

employment and was substantially in control of the terms and conditions of the

employees' work, and is therefore considered a statutory employer under Florida

Statue § 448.109 and 29 U.S.C. §203(d).

28.     The Defendants willfully violated Article X, Section 24 of the

Constitution of the State of Florida by failing to compensate the Plaintiff at a rate

not less than the state minimum wage.

29.      During the period from approximately August 2018, until February

21, 2020, Defendants willfully employed Plaintiff, Jeanne Bates and failed to pay

her the Florida minimum wage for each hour of work.

30.     The Defendants were aware that Plaintiff worked more hours than

she was compensated for and Defendants willfully refused to properly

compensate Plaintiff the minimum wage for all of the hours that Plaintiff worked for Defendants.

31.     Plaintiff has complied with all conditions precedent prior to bringing this action and gave notice to Defendants of their claims pursuant to Florida Statutes § 448.109 and § 448.110.

32.     Defendants are liable to Plaintiffs for liquidated damages in an amount equal to Plaintiffs' unpaid minimum wages pursuant to Florida Statute 448.110.

33.     Plaintiff is entitled to her attorney fees pursuant to § 448.110 Florida Statutes.

WHEREFORE, Plaintiff demands Judgment against Defendants as follows:

A.      Compensation for lost wages, benefits, and other remuneration and an additional equal amount as liquidated damages.

B.      Prejudgment interest in the event liquidated damages are not awarded.

C.      An award of reasonable attorney's fees and all costs incurred herein.

D.      Such other and further relief as the Court deems proper.

## COUNT III
## BREACH OF CONTRACT

34.     Plaintiff alleges a claim for breach of contract against Defendant, Discovery Aviation, Inc., for damages.

7

35.     Plaintiff realleges and incorporates Paragraphs 2 through 12 of this Complaint as if set forth in full herein.

36.     Plaintiff was informed when she was hired by Defendant that she would receive a salary for the work performed and Plaintiff agreed to salary.

37.     Defendant did not pay Plaintiff the salary that was agreed upon by the parties for the portions of time that Plaintiff worked for Defendant.

38.     Despite a demand being made upon Defendant, Defendant has refused to pay Plaintiff her unpaid salary.

39.     Plaintiff has retained the undersigned attorney and is obligated to pay her attorney a reasonable fee for services.

40.     This is an action for unpaid wages and Plaintiff is entitled to her attorney's fees pursuant to § 448.08 Florida Statutes.

WHEREFORE, Plaintiff prays for judgment against Defendant for breach of contract for her unpaid wages with interest and all other damages to which she may be entitled, together with her attorney's fees and costs of this action.

## COUNT IV
## UNJUST ENRICHMENT

41.     In the alternative, to Plaintiff's Breach of Contract claim against Defendant, Discovery Aviation, Inc., Plaintiff alleges an Unjust Enrichment claim against Discovery Aviation, Inc., for damages.

42.     Plaintiff realleges and incorporates herein paragraphs 2 through 12, 36 through 40 of this Complaint as if set forth in full herein.

43.     Plaintiff performed the duties of Senior Mechanical Designer for Defendant, thereby conferring a benefit upon the Defendant.

44.     The Defendant employed Plaintiff to perform the duties of Senior Mechanical Designer and knowingly and voluntarily accepted the benefits of Plaintiff's services.

45.     It would be inequitable for the Defendant to retain the benefit of the financial and individual performance of Plaintiff without paying for the full amount of Plaintiff's services.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, for her unpaid wages with interest and all other damages to which she may be entitled, together with her attorney's fees and costs of this action.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a jury trial on all issues herein triable by jury.

DATED this 16th day of December, 2020.

/s/Adrienne E. Trent
Adrienne E. Trent, Esquire
Florida Bar No. 0060119
Attorney for Plaintiff
Adrienne E. Trent, P.A.
836 Executive Lane, Suite 120
Rockledge, Florida 32955
Phone: (321) 610-2123
Direct: (321) 610-2122
Fax: (866) 806-3627
attorneytrent@cfl.rr.com